HABEEB *v.* KEY INVESTMENT COMPANY.

(No. 70-14019—Decided September 24, 1970.)

Municipal Court of Shaker Heights.

*Messrs. Hennessy, Murray & Waag*, for plaintiff.
*Mr. Ray Koscianski*, for defendant, Henry A. Habeeb, d. b. a. Key Investment Company.
*Mr. Wallace J. Baker*, for Key Investment, Inc.

ROCKER, J. A brief statement of the salient facts concerning plaintiff's motion to pay in funds is in order and follows:

1. On May 21, 1965, judgment was taken on a certain cognovit note in the Parma Municipal Court. The cognovit note upon which the judgment was taken read as follows:

"$3,000.00 Parma, Ohio August 3, 1962 on Demand after date for value received, individually or collectively, we promise to pay Genevieve A. Habeeb or order, the sum of three thousand dollars with interest at the rate of 6% per cent per annum, payable on demand annually. And we do hereby authorize any Attorney at Law to appear for us in an action on the above note at any time after said note becomes due, in any Court of Record situated in the County where we then reside or in the County where we signed this warrant and being in the United States, to waive the issuing and service of process, and confess a judgment in favor of the legal holder of the above against us, for the amount that may then be due thereon, with interest at the rate therein mentioned, and costs of suit, and to waive and release all errors in said proceedings and the right of appeal from the judgment rendered.

"Key Investment Co. at ————County
"Henry A. Habeeb Board Chairman
"[Signed] Henry A. Habeeb at Cuyahoga County, Ohio"

2. On June 24, 1965, Genevieve Habeeb filed with the Parma Municipal Court her affidavit representing to that court that she had received $3,000.00 and other consideration and authorized the Parma Municipal Court to enter upon its journals "Satisfaction" of Judgment in Case No. 22277, being the case number assigned by the court to the petition upon which the judgment was rendered.

3. Thereafter, a party known as Key Investment, Inc., by and through verification of its alleged president, filed a motion with the Parma Municipal Court asking that the judgment be vacated and that it had a good defense to the action.

4. On the same date of filing its motion to vacate, August 13, 1965, Key Investment, Inc., identifying itself in its answer as a corporation organized and existing under the laws of the state of Ohio, filed an answer alleging that:

a. At no time was the corporation indebted in any way or for any amount of money to the plaintiff, Genevieve Habeeb.

b. The note on which the judgment was taken in this case was given to her without authority or authorization of the company.

c. The alleged note signed by Henry Habeeb as Chairman was entirely without authority and without the knowledge of the defendant; that the defendant owes no money to the plaintiff, Genevieve Habeeb.

5. The answer is verified by one Joseph Esber, whose sworn statement deposes that he is president of Key Investment, Inc., an Ohio corporation.

6. An affidavit attached to a reply brief filed by Key Investment, Inc., on January 3, 1966, offers testimony to the effect that Key Investment, Inc., was incorporated on the 8th day of August, 1962; that at no time did the corporation ever owe Genevieve Habeeb any money, *that at no time did it ever pay Genevieve Habeeb any money or other consideration; that at no time prior to or on the 24th day of June 1965, or thereafter, did the defendant, Key Investment, Inc., pay to Genevieve Habeeb any sum of money whatsoever, or give her any consideration in extinguishment of the said judgment.* (Emphasis added.)

This affidavit was signed by Joseph Esber and Easa Saah, who under oath stated that they were the president and treasurer, respectively, of Key Investment, Inc.

7. On February 23, 1966, the motion to vacate was granted by the Parma Municipal Court, to which it appended on its own motion an order on the plaintiff to de-

posit "satisfaction of Judgment with Clerk of Court for final disposition upon final adjudication of the issue of this case. Plaintiff excepts."

8. Thereafter, on July 18, 1969, plaintiff, upon being threatened by the court with arrest and citation for contempt of court, deposited with the Clerk of Parma Municipal Court the sum of $3,383.55.

9. In the interim prior to this action of the Parma Municipal Court, plaintiff appealed the order for deposit of funds to the Court of Appeals of Cuyahoga County, which court remanded the cause on the ground that the order of the Parma court did not represent a "final, appealable order."

10. Upon filing of affidavits of prejudice, the case was transferred to the Shaker Heights Municipal Court for further proceedings according to law.

The record in this case is most voluminous, but the foregoing appears to be the facts which this court believes are the only ones which need be considered in ruling on plaintiff's motion to release the deposited funds to the plaintiff.

The items which most interest the court are:

1. The alleged cognovit note does not appear to be a note issued by any corporation. The use of the words "Board Chairman" are surplusage and only if parol evidence were admissible and offered at trial to explain the ambiguity, would this court or any other know that this note was one which was an obligation of Henry A. Habeeb as an individual, doing business as Key Investment Co.

2. The petition, likewise, does not name any one other than "Key Investment Company" as a defendant; no reference is made as to its corporate status.

This court takes the position that once the case has been referred to this court, it has jurisdiction to proceed in any manner equal to that of the Parma Muncipal Court.

In doing this it is in no wise acting as a court of appeal, but is acting in the place and stead of the original court.

To begin, the court calls attention to the Ohio Rules of Civil Procedure and although the action herein was

commenced prior to the institution of those rules, the court makes reference to C. R. 86, which reads as follows:

"These rules shall take effect on the first day of July, 1970. They govern all proceedings in actions brought after they take effect and *also all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

It is the considered opinion of this court that this case presents an outstanding example of why we now have the new Civil Rules of Procedure and, therefore, in the exercise of its discretion under C. R. 86, it will rule on the instant question raised in accordance with those Rules.

Let us turn to C. R. 20 [B], which reads: "The court may make such orders as will prevent a party from being prejudiced, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent prejudice or delay."

A thorough search of the record in this case indicates no claim ever having been made against a party known as "Key Investment, Inc., an Ohio Corporation" nor against any of its officers.

The so-called answer of Key Investment, Inc., was gratuitously filed since it had not, as the record indicates, ever been served as a party defendant.

Its "answer," furthermore, explicitly avers that no monies or other consideration was paid to plaintiff in an action against a separate and distinct party. No reply to this "answer" was filed and even if we were to consider the "answer" as validly before the court, the allegations of the "answer" would perforce be accepted as admitted by plaintiff and a motion for dismissal by that "defendant" would of necessity have been granted.

We refer next to C. R. 21, regarding misjoinder of parties, which rule provides that misjoinder of parties is not ground for dismissal and further that parties may be dropped or added by order of the court on motion of any

party or of its own initiative at any stage of the action and on such terms as are just. It provides further that any claim against a party may be severed and proceeded with separately.

Now let us repeat the language of Rule 1 [B]:

"These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

Again, the court wishes to emphasize that it acts in this case with all the powers and privileges as though it were the Parma Municipal Court and under those circumstances it has the right and duty to reconsider any and all of its previous actions.

This court, therefore, finds that since the motion to vacate the judgment was filed and prosecuted by a stranger to the action, not having been made a party either by the plaintiff, nor being joined at the request of the defendant in the original action, nor by applying to the court at any stage of the proceedings to interplead setting forth any claim whatsoever against either of the original parties, reconsideration demands that Key Investment Inc., be dismissed from this action. It further, upon reconsideration, vacates the entry of February 23, 1966, which purportedly vacated the judgment rendered on May 21, 1965. It further, on reconsideration, orders the Clerk of the Shaker Heights Municipal Court, in whose custody the aforementioned sum of $3,383.55 rests, to deliver forthwith such sum to the plaintiff, Genevieve Habeeb. The court orders further that the petition filed in this action, the confession of judgment and the judgment of record as of the date of its entry, be modified upon the court's motion to be known and appear as a judgment against Henry A. Habeeb, doing business as Key Investment Company [not a corporation] in the amount set forth above, in conformance with the pleadings and the evidence presented to the court at trial.

*Judgment accordingly.*